UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
PASCUALA NUNEZ,

               Plaintiff,

       -against-

PINNACLE CREDIT SERVICES, L.L.C.,

               Defendant.
---------------------------------------------------------x

OPINION & ORDER

15-CV-5538 (CS)

Appearances:

Edward B. Geller
Edward B. Geller, Esq., P.C.
Bronx, New York
*Attorney for Plaintiff*

Daniel Ginzburg
Podvey, Meanor, Catenacci, Hildner, Cocoziello & Chattman, P.C.
Newark, New Jersey
*Attorney for Defendant*

Seibel, J.

      Before the Court is Defendant's motion for summary judgment. (Doc. 13.) For the reasons stated below, the motion is GRANTED.

I.     Background

      The following facts are taken from Defendant's Statement of Relevant Material Facts Pursuant to L[ocal] Civ[il] R[ule] 56.1 ("D's 56.1 Stmt.").[1] (Doc. 17.)

---

[1] Because Plaintiff did not – as envisioned by Federal Rule of Civil Procedure 56(e) and required by Local Civil Rule 56.1(b) – submit a document corresponding to the statement pursuant to Local Rule 56.1 submitted by Defendant, I exercise my discretion to deem the facts set forth by Defendant to be admitted by Plaintiff. *See* Fed. R. Civ. P. 56(e)(2); Local Rule 56.1(c); *see also Gadsden v. Jones Lange Lasalle Ams., Inc.*, 210 F. Supp. 2d 430, 438 (S.D.N.Y. 2002) ("Courts in this circuit have not hesitated to deem admitted the facts in a movant's Local Civil Rule 56.1 Statement that have not been controverted by a Local Civil Rule 56.1 statement from the nonmoving party.") (collecting cases). In any event, based on Plaintiff's

Defendant is a "passive debt buyer," meaning that it purchases debt from creditors, but rather than attempting to collect itself, retains debt collection firms to do so. (D's 56.1 Stmt. ¶ 3.) Defendant obtained Plaintiff's debt from Verizon Wireless, and assigned Dynamic Recovery ("DR") to act as its debt collection agent in connection with that debt. (*Id.* ¶¶ 4-5.) Plaintiff retained Asset Protection and Management, Inc. ("APM") to assist her in connection with her credit, and on July 28, 2015, APM representative Joy Avila called Defendant. (*Id.* ¶¶ 6-7.) During that conversation, Defendant's representative informed Ms. Avila that Plaintiff's "account has now been placed with Dynamic Recovery Solutions. They've been assigned to service the account." (*Id.* ¶ 8.) Ms. Avila asked if she could dispute the debt with Defendant, as Defendant was "the one[] that appear[s] on the credit report." (*Id.*) Defendant responded, "Unfortunately, ma'am, we, we don't handle the accounts here. We do have outside agencies that handle the accounts for us. So you need to speak with them about the account." (*Id.*) Defendant provided Ms. Avila with DR's phone number and the account number for Plaintiff's debt, and transferred Ms. Avila's call to DR. (*Id.*)

In her Complaint ("Compl."), (Doc. 1), Plaintiff alleged that this event was a false, deceptive or misleading practice, in violation of the Fair Debt Collection Practices Act

---

memorandum of law, she does not dispute the facts Defendant has set forth. Some of the evidence to which Defendant points to support those facts comes from affidavits of two of Defendant's lawyers. (Docs. 15, 16.) Several of the factual assertions in these affidavits do not appear to be made on personal knowledge, but rather seem to originate with information from or maintained by Defendant. For example, the identity of the creditor from whom Defendant purchased Plaintiff's debt, (*see* Doc. 15 ¶ 4), or the authenticity of a recording of a conversation between a representative of Defendant and a representative of Plaintiff, (*see* Doc. 16 ¶ 2), do not seem to be the kinds of things counsel would know apart from being informed by someone else (presumably the client). Nevertheless, because Plaintiff had the opportunity to take discovery and apparently has no quarrel with the facts set forth by Defendant, I will accept them as undisputed.

("FDCPA"), 15 U.S.C. § 1692e.  Specifically, Plaintiff alleges that by reporting Plaintiff to credit reporting agencies and listing itself as the reporter, Defendant misled Plaintiff and similarly situated consumers into thinking that Defendant would handle any attempt to dispute the debt, when in fact Defendant referred such disputes to DR.  (Compl. ¶¶ 30-31.)  Plaintiff also alleged that the same conduct violated the FDCPA's prohibition on the use of unfair or unconscionable means in connection with collection of a debt, 15 U.S.C. § 1692f.  (*Id.* ¶¶ 32-33.)

II.     Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[T]he dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing law . . . .  Factual disputes that are irrelevant or unnecessary will not be counted."  *Id.*

On a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Id.* at 255.  The movant bears the initial burden of "demonstrating the absence of a genuine issue of material fact," and, if satisfied, the burden then shifts to the nonmovant "to present evidence sufficient to satisfy every element of the claim."  *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).  "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]."  *Anderson*, 477 U.S. at 252.  Moreover, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the

material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and he "may not rely on conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (internal quotation marks omitted).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1).  Where an affidavit is used to support or oppose the motion, it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant . . . is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4); *see Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 310 (2d Cir. 2008).  In the event that "a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may," among other things, "consider the fact undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2), (3).

III.  Discussion

The FDCPA was enacted "with the aim of eliminating abusive practices in the debt collection industry" while also ensuring that "those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 89 (2d Cir. 2008) (internal quotation marks omitted).  Under the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e; *see id*. § 1692e(10)

(prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer"). Nor may a debt collector "use unfair or unconscionable means to collect or attempt to collect any debt." *Id.* § 1692f.

"[T]he question of whether a communication complies with the FDCPA is determined from the perspective of the 'least sophisticated consumer.'" *Jacobson*, 516 F.3d at 90 (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). "The hypothetical least sophisticated consumer does not have the astuteness of a . . . lawyer or even the sophistication of the average, everyday, common consumer, but is neither irrational nor a dolt." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010) (internal quotation marks omitted). But "in crafting a norm that protects the naive and the credulous the courts have carefully preserved the concept of reasonableness." *Clomon*, 988 F.2d at 1319. The protections of the statute therefore do "'not extend to every bizarre or idiosyncratic interpretation of a collection notice' and courts should apply the standard 'in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices.'" *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012) (quoting *Clomon*, 988 F.2d at 1319). A communication from a debt collector is deceptive when it "could mislead a putative-debtor as to the nature and legal status of the underlying debt, or . . . could impede a consumer's ability to respond to or dispute collection." *Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 F. App'x 89, 94 (2d Cir. 2012). A communication may also violate § 1692e when its language is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon*, 988 F.2d at 1319.

Plaintiff is unclear as to what representation or means employed by Defendant was misleading or deceptive. She argues that Defendant providing its own name and contact information to the credit reporting agency "misleads consumers, leading them to reasonably

5

believe that their accounts may be discussed with Defendant," (Compl. ¶ 31; P's Mem. at 5),[2] and that therefore Defendant was obliged to record Plaintiff's dispute of her debt rather than transferring her to its servicing agent for that purpose, (P's Mem. at 5-7).  Plaintiff does not allege that the information reported to the credit agency was inaccurate, so that cannot be the deceptive representation or means.  Nor does she point to anything deceptive or inaccurate in what Ms. Avila was told by the Pinnacle representative.  Indeed, because the representative said that DR had been "assigned to service the account" as an "outside agenc[y] that handle[s] the acccounts for us," (D's 56.1 Stmt. ¶ 8), it was clear that Defendant owned the debt and had assigned an agent to handle the collection process on its behalf.  The statements were not capable of more than one reasonable interpretation, nor could they have misled Plaintiff, or the least sophisticated consumer, about the legal status of the debt or impeded efforts to dispute it.[3]  *See Khan v. Pinnacle Credit Servs., Inc.*, No. 15-CV-2266, slip op. at 7-8 (E.D.N.Y. Jan. 27, 2016) (unambiguous that defendant told plaintiff's representative that agency had been assigned to handle account for defendant, including registration of debtor disputes, so even least sophisticated consumer would not have been "'uncertain as to her rights'") (quoting *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998)).[4]

---

[2] "P's Mem." refers to the Memorandum of Law of Plaintiff Pascuala Nunez in Opposition to Defendant Pinnacle Credit Services, LLC's Motion for Summary Judgment. (Doc. 18.)

[3] When Ms. Avila asked specifically if she could dispute the debt "right now over the phone," Defendant's representative explained that DR would handle that, provided DR's phone number as well as Plaintiff's account number, and transferred Ms. Avila's call to DR.  (D's 56.1 Stmt. ¶ 8.)

[4] Judge Ross's Opinion and Order in *Khan* is attached as Exhibit 2 to the Declaration of Daniel Ginzburg in Support of Defendant's Motion for Summary Judgment ("Ginzburg Decl."). (Doc. 16.)

Plaintiff's claim appears to be not that Defendant said or did anything misleading, but rather that the FDCPA obliges owners of debt to personally register disputes from consumers rather than delegating that task to an agent. (*See* P's Mem. at 6 ("It was not that Pinnacle's communication was vague or susceptible to multiple interpretations (one of which was false)."); *id.* ("[T]he violation was Pinnacle's failure, as a debt collector, to take Plaintiff's dispute."); *id.* at 7 ("[B]ecause Pinnacle was listed as the contact on Ms. Nunez's credit report, it had the obligation to take her dispute.")). She provides no authority, from either the statute or the case law, for the proposition that the FDCPA contains any such requirement. She is trying to fit the square peg of an obligation not found anywhere in the FDCPA into the round hole of the statute's prohibition against deceptive or misleading means to collect a debt. It is common for debt owners to delegate collection activity to agents,[5] and "[t]he Court is not aware of any ruling that casts doubt on the legality of this practice in itself." *Khan*, slip op. at 9. As Judge Ross held in *Khan*, "[s]o long as it is made clear to the debtor who wishes to dispute her debt that she is being referred to a third party for the purpose, the court sees nothing inherently abusive, or even misleading, about simply delegating dispute servicing to a third party." *Id.* Indeed, by transferring Ms. Avila's call to DR, Defendant allowed Plaintiff to accomplish precisely what she had sought by having Ms. Avila make the call. *See id.* at 8; *see also Green v. Pinnacle Credit Servs., L.L.C.*, No. 15-CV-5344, slip op. at 2 (E.D.N.Y. Jan. 20, 2016) (transfer of call to third-party servicer no different from transfer of call to in-house department; FDCPA contains

---

[5] Indeed, courts routinely encounter such arrangements, and there is an entire line of case law assessing the circumstances under which a debt collector can be vicariously liable for the unlawful conduct of its agents. *See, e.g., Polanco v. NCO Portfolio Mgmt., Inc.*, 132 F. Supp. 3d 567, 580 (S.D.N.Y. 2015) (debt purchaser placed debt with law firm for purposes of collection); *Plummer v. Atl. Credit & Fin., Inc.*, 66 F. Supp. 3d 484, 487, 493-94 (S.D.N.Y. 2014) (debt purchaser placed debt with agency for purposes of collection).

no requirement that first operator who fields call must take dispute and no prohibition against transfer of caller "to the appropriate person charged with that task").[6]  Defendant therefore cannot be said to have "impeded" Plaintiff's ability to dispute her debt.  *See Gabriele*, 503 F. App'x at 94.

Accordingly, Defendant's conduct did not violate § 1692e.

Nor can it be said to have violated § 1692f.  "The phrase 'unfair or unconscionable' is as vague as they come," *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 474 (7th Cir. 2007), but "[t]he plain meaning of 'unfair' is 'marked by injustice, partiality, or deception,'" *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1200 (11th Cir. 2010) (quoting *Unfair*, Merriam–Webster Online Dictionary (Feb. 11, 2010), <http://www.merriam-webster.com/dictionary/unfair>), and "[t]he term 'unconscionable' means 'having no conscience'; 'unscrupulous'; 'showing no regard for conscience; 'affronting the sense of justice, decency, or reasonableness,'" *id.* (quoting Black's Law Dictionary 1526 (7th ed. 1999)).  Plaintiff makes no effort to explain how the activity described here meets those high standards, (*see* P's Mem. at 8), nor can the Court see how it could.  There being nothing deceptive, misleading, obstructive, unjust, unscrupulous or abusive about the conduct Plaintiff has challenged, that conduct does not violate § 1692f.

---

[6] Judge Cogan's Order in *Green* is attached as Exhibit 1 to the Ginzburg Decl.

<u>Conclusion</u>

For the reasons stated above, Defendant's motion for summary judgment is GRANTED. The Clerk of Court is respectfully directed to terminate the pending motion, (Doc. 13), enter judgment for Defendant, and close the case.

**SO ORDERED.**

Dated: December 27, 2016
       White Plains, New York

                                          _____
                                          CATHY SEIBEL, U.S.D.J.